# In the United States Court of Federal Claims

No. 19-1354T

(Filed: January 16, 2020)

**(NOT TO BE PUBLISHED)**

|  |  |
|---|---|
| **SIMOUANG THOUNSAVATH,** | ) )  ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| **UNITED STATES,** | ) ) |
| Defendant. | ) ) ) |

Simouang Thounsavath, *pro se*, Providence, Rhode Island.

Margaret E. Sheer, Trial Attorney, Court of Federal Claims Section, Tax Division, United States Department of Justice, Washington, D.C. With her were Richard E. Zuckerman, Principal Deputy Assistant Attorney General, David I. Pincus, Chief, Court of Federal Claims Section, and G. Robson Stewart, Assistant Chief, Court of Federal Claims Section, Tax Division, United States Department of Justice, Washington, D.C.

## OPINION AND ORDER

LETTOW, Senior Judge.

Plaintiff, Simouang Thounsavath, alleges that his "assets [were taken] without [j]urisdiction." Compl. at 1. Plaintiff's complaint references an Order of Dismissal for Lack of Jurisdiction from the United States Tax Court, attached to plaintiff's complaint, where the Tax Court determined that it lacked jurisdiction to hear a similar suit from plaintiff, because "no notice of deficiency or notice of determination was issued to petitioner for taxable years 2018 and 2019 that would permit petitioner to invoke the [c]ourt's jurisdiction." Compl. Ex. A at 1. As compensation, plaintiff seeks $450,000. Compl. Ex. B at 1. Pending before the court is defendant's motion to dismiss pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC") for lack of subject-matter jurisdiction.

Because this court lacks subject-matter jurisdiction, Mr. Thounsavath's claims must be DISMISSED.

## BACKGROUND

Mr. Thounsavath's complaint is relatively concise, stating only that "Defendant took all Plaintiff['s] Assets without Jurisdiction. Please see attach[ed] exhibit 'A,'" and "Defendant took Plaintiff['s] assets without Jurisdiction from Plaintiff." Compl. at 1, 2 (capitalization in original). Exhibit A is an order of dismissal from the United States Tax Court for a case before that court filed by Mr. Thounsavath. In that case, plaintiff sought to dispute a Notice of Deficiency and Notice of Determination Concerning Collection Action submitted by the Internal Revenue Service ("IRS"). Def.'s Mot. to Dismiss ("Def.'s Mot.") Ex. A at 1, ECF No. 8. Because the Tax Court determined that the IRS had not issued a notice of deficiency or determination regarding plaintiff's claims, the court dismissed the case for lack of jurisdiction. Compl. Ex. A at 1. Plaintiff relies on the Tax Court's dismissal of his claims for lack of jurisdiction to form the basis for his claim here that the government lacks jurisdiction to assess taxes against him.

## STANDARDS FOR DECISION

The Tucker Act provides this court with jurisdiction to entertain "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act does not grant a plaintiff substantive rights. *In re United States*, 463 F.3d 1328, 1333 (Fed. Cir. 2006). Rather, to establish jurisdiction, "a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc in relevant part) (citing *United States v. Mitchell*, 463 U.S. 206, 216 (1983); *United States v. Testan*, 424 U.S. 392, 398 (1976)). "Where the court has not been granted jurisdiction to hear a claim, the case must be dismissed." *Treviño v. United States*, 113 Fed. Cl. 204, 207 (2013) (citing *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)). As plaintiff, Mr. Thounsavath must establish jurisdiction by a preponderance of the evidence. *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011) (citing *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988)).[1] "If a court lacks jurisdiction to decide the merits of a case, dismissal is required as a matter of law." *Gray v. United States*, 69 Fed. Cl. 95, 98 (2005) (citing *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868); *Thoen v. United States*, 765 F.2d 1110, 1116 (Fed. Cir. 1985)); *see also* RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

---

[1] A court may "grant the *pro se* litigant leeway on procedural matters, such as pleading requirements." *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) ("An unrepresented litigant should not be punished for his failure to recognize subtle factual or legal deficiencies in his claims.")). But this leniency cannot extend to lessening jurisdictional requirements. *See Kelley v. Secretary, United States Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987) ("[A] court may not . . . take a liberal view of . . . jurisdictional requirement[s] and set a different rule for *pro se* litigants only.").

## ANALYSIS

The government posits three main arguments as to why this court lacks jurisdiction. First, the government argues that Mr. Thounsavath "confuses the Tax Court's ability to hear a case, *viz.*, the Tax Court's jurisdiction, with the government's ability to collect taxes." Def.'s Mot. at 4. Second, the government contends that jurisdiction over Mr. Thounsavath's claims contesting its authority to assess taxes "is reserved specifically to the federal district courts." *Id.* at 5 (citing 26 U.S.C. §§ 7432, 7433) (other citations omitted). Lastly, the government asserts that plaintiff has "fail[ed] to meet the jurisdictional requirements of [26 U.S.C.] § 7422(a)." *Id.*

On each of these points, the government's arguments are persuasive. While the Tucker Act does provide this court with jurisdiction to hear suits for *refunds* of federal taxes, actions involving the improper assessment of liens or unauthorized collection actions by the IRS may only be heard in federal district courts. *See* 26 U.S.C. §§ 7432, 7433. Further, the Tax Court's order dismissing Mr. Thounsavath's case at that court "was not a ruling on the merits of his claim or the propriety of the taxes assessed or of the IRS' attempt to collect those taxes." *Patterson v. United States*, No. 19-843T, 2019 WL 4053952 at *4 n.8 (Fed. Cl. August 27, 2019). Instead, the Tax Court was merely ruling on whether it had the authority to hear Mr. Thounsavath's claims. Thus, Mr. Thounsavath's argument that the government lacked jurisdiction to assess taxes against him does not state a claim over which this court has jurisdiction. *See Lovett v. United States*, 145 Fed. Cl. 175, 179 (2019).

Further, plaintiff has failed to satisfy the jurisdictional requirements of 26 U.S.C. § 7422(a). Particularly, plaintiff has not filed a "claim for refund or credit" for either 2018 or 2019, as required by the statute. *Id.* Additionally, the government notes that it has "no record that plaintiff ever filed a federal personal income tax return, let alone a return claiming a refund or a separate administrative claim for refund." Def.'s Mot. at 5. As a result, plaintiff's claims are not within this court's jurisdiction.

## CONCLUSION

For the reasons stated, the government's motion to dismiss Mr. Thounsavath's complaint is GRANTED. The court lacks subject-matter jurisdiction over Mr. Thounsavath's claims. The complaint shall be DISMISSED without prejudice.[2] The clerk is directed to enter judgment accordingly.

No costs.

It is so **ORDERED**.

*Charles F. Lettow*
Charles F. Lettow
Senior Judge

---

[2] Plaintiff's Motion for General Denial of Complaint, ECF No. 6, is DENIED.

3